**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANA HORN | : | CIVIL ACTION |
| 334 South 9th Street | : | |
| North Wales, PA  19454 | : | No. _____ |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| COMMUNITY COLLEGE | : | |
| 340 Dekalb Pike | : | |
| Blue Bell, PA 19422   and | : | |
| | : | |
| FOLLETT CORPORATION | : | |
| Individually and t/d/b/a | : | |
| FOLLET HIGHER EDUCATION | : | |
| GROUP, INC. | : | |
| 2233 West Street | : | |
| River Grove, IL 60171  and | : | |
| | : | |
| FOLLETT HIGHER EDUCATION | : | |
| GROUP, INC. | : | |
| 1818 Swift Drive | : | |
| Oak Brook, IL 60523   and | : | |
| | : | |
| DAYMOND DAVENPORT | : | |
| 423 Forrest Avenue | : | |
| Norristown, PA 19401 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Diana Horn, by and through her undersigned counsel, hereby avers as follows

### I.      Introduction

1.      Plaintiff has initiated the instant action to redress violations by Defendants of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, and other applicable federal and

state law.  She asserts that Defendants illegally subjected her to sexual harassment and

discrimination as well as retaliation for activity protected by Title VII.

## II.     Jurisdiction and Venue

2.      The instant action is initiated pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 1981a, and applicable state law.  This Court may properly maintain

personal jurisdiction over Defendants because Defendants' contacts with this state and this

judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with

traditional notions of fair play and substantial justice, satisfying the standard set forth by the

United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and

its progeny.

3.      The United States District Court for the Eastern District of Pennsylvania may exercise

original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because it arises under the laws of the United States and seeks redress for violations

of civil rights.  The Court may also maintain supplemental jurisdiction over the state law claims

set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil

Procedure because they are sufficiently related to the claim(s) within the Court's original

jurisdiction that they form part of the same case or controversy.

4.      Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Defendants reside in and/or conduct business in this judicial

district and because a substantial part of the acts and/or omissions giving rise to the claims set

forth herein occurred in this judicial district (Plaintiff was employed and attending college in the

Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

5.      The Court may maintain supplemental jurisdiction over Plaintiff's state law claims against Defendant Davenport because one or more federal claims are asserted against him and/or because, pursuant to 28 U.S.C. § 1367(a): (i) its original jurisdiction in the instant case is based upon 28 U.S.C. § 1331 as opposed to 28 U.S.C. § 1332; (ii) the claims against Defendant Davenport are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy; (iii) the claims against Defendant Davenport do not involve novel or complex issues of state law; (iii) the claims against Defendant Davenport do not predominate over the claims over which the Court has original jurisdiction; and (iv) there is no other compelling reason to decline jurisdiction over the claims against Defendant Davenport.

### III.      Parties

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff Diana Horn (hereinafter "Plaintiff" unless otherwise noted) is an adult individual and citizen of the United States with an address as set forth above.

8.      Defendant Montgomery County Community College (hereinafter "Defendant College" unless otherwise noted) is a government-sponsored educational organization located at the above address.

9.      At all times relevant hereto, Defendant College received two-thirds of its operating revenue from state and county monies and, upon information and belief, also received federal funds.

10.      Defendant Follett Corporation is a corporation with a headquarters at the above-captioned address.   Defendant Follett Corporation also trades and conducts business as "Follett Higher Education Group."

11.     Follett Education Group is a division of Defendant Follett Corporation with a headquarters at the above-captioned address (hereinafter, Defendants Follett Corporation and Follett Higher Education Group are jointly referred to as "Defendant Follett" unless otherwise noted).

12.     Defendant Damon Davenport (hereinafter "Defendant Davenport" unless otherwise noted) is an individual who resides at the above-captioned address.  At all times relevant herein, Defendant Davenport was an agent, servant and employee of Defendant College.

13.     At all times relevant herein, Defendant College and Defendant Follett acted through their agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

14.     Defendant College and Defendant Follett are each "employers" within the meaning of 42 U.S.C. § 12111(5) because they are engaged in an industry affecting commerce and because they maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

15.     Defendant College and Defendant Follett also maintain sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

16.     Defendant College and Defendant Davenport acted under color of state law at all times relevant hereto.

## IV.    Procedural and Administrative Requirements

17.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

18.     Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act as follows:

        a.      On or about November 20, 2003, Plaintiff filed timely written charges of discrimination against Defendant College and Defendant Davenport (at Charge No. 170-2004-00566) and against Defendant Follett and Defendant Davenport (at Charge No. 170-2004-01074) with the Philadelphia office of the Equal Employment Opportunity Commission alleging sexual harassment, sexual discrimination, and retaliation;

        b.      The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charges on or about December 1, 2004;

        c.      The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

        d.      Plaintiff also cross-filed the aforementioned charges of discrimination with the Pennsylvania Human Relations Commission;

        e.      Plaintiff has exhausted her federal administrative remedies as to the allegations of this Complaint;

        f.      Plaintiff has exhausted her state administrative remedies as to the allegations of this Complaint.

## V.     **Factual Background**

19.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

20.     Plaintiff is female.

21.     In or about January of 2003, Plaintiff began attending Defendant College as a full-time student and also began working at the campus bookstore, which is owned and operated by Defendant Follett and Defendant College, and the campus library.

22.     During the foregoing period of time and through September of 2003, Defendant Davenport, a male Public Safety Officer at Defendant College, began sexually harassing Plaintiff and making unwanted sexual advances toward her while she was working in the bookstore, while she was walking to class, and at other times while she was an employee of Defendant Follett and Defendant College and a student of Defendant College.

23.     Plaintiff made it clear to Defendant Davenport that she was not interested in pursuing a relationship with him.  However, Davenport refused to relent and continued to sexually harass Plaintiff, stalk her, place telephone calls to her home, and insist that she engage in a relationship with him.

24.     Defendant Davenport also illegally obtained Plaintiff's address, class schedule, financial aid information, and other personal and educational information regarding Plaintiff from the records of Defendant College with the assistance and complicity of an agent and employee of Defendant College (one Ray Kratz).

25.     Plaintiff reported the foregoing harassment to Defendant Follett and Defendant College, but no action was taken to stop Defendant Davenport's harassment.

26.     After Plaintiff reported the foregoing harassment, she was subjected to a pattern of retaliatory conduct including but not limited to nails in the tires of her car, harassing phone calls, and offensive inquiries from agents of Defendant College as to whether or not she had "dated" Defendant Davenport.

27.     Defendant College, by and through its officials and agents, also attempted to dissuade Plaintiff from reporting or continuing to report the harassment of Defendant Davenport.

**COUNT ONE**
**TITLE VII VIOLATIONS**
**SEXUAL HARASSMENT AND DISCRIMINATION**
**PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT FOLLETT**

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     In knowingly engaging in, allowing, permitting and encouraging a pervasive and ongoing pattern of sexual harassment against Plaintiff as aforesaid, Defendant Follett and Defendant College, by and through their agents, engaged in (in the case of Defendant College) and failed to stop (in the case of Defendant Follett) a pattern of illegal hostile environment and *quid pro quo* sexual harassment against Plaintiff by Defendant Davenport.

30.     The foregoing harassment would offend a reasonable person and did in fact offend Plaintiff.

31.     The foregoing harassment of Plaintiff was severe and adversely affected the terms and conditions of her employment.

32.     Defendants were aware of the foregoing harassment but nonetheless failed to take corrective action to stop same.

33.     As a direct and proximate result of the foregoing sexual harassment and discrimination, Plaintiff suffered the damages set forth herein.

        WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

**COUNT TWO**
**TITLE VII VIOLATIONS**
**RETALIATION**
**PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT FOLLETT**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     The foregoing conduct of Defendant Follett and Defendant College constituted illegal retaliation against Plaintiff in the terms and conditions of her employment as a direct result of her complaints of and opposition to sexual harassment and discrimination.

36.     In subjecting Plaintiff to adverse employment actions because of her complaints of and opposition to sexual harassment and discrimination, Defendant Follett and Defendant College violated Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

**COUNT THREE**
**ENTITLEMENT TO DAMAGES UNDER 42 U.S.C. § 1981a**
**PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT FOLLETT**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Defendant Follett and Defendant College have engaged in knowing and unlawful discrimination pursuant to 42 U.S.C. § 1981a.

39.     Defendant Follett and Defendant College have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally-protected rights to be free from employment discrimination and harassment based on her sex and religion and her right to be free from retaliation for reporting, complaining of, or opposing sexual harassment and discrimination.

40.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered pecuniary losses, physical damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

**COUNT FOUR**
**CIVIL RIGHTS VIOLATIONS**
**42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT DAVENPORT**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Defendant Davenport and Defendant College acted under color of state law to deprive Plaintiff of rights secured to her under the United States and Pennsylvania Constitutions in sexually harassing Plaintiff, invading her privacy by obtaining and disseminating personal information regarding Plaintiff, retaliating against Plaintiff for complaining of sexual harassment, stalking her and harassing her via telephone, and deliberately damaging Plaintiff's personal property (including but not limited to her personal vehicle) as a result of her exercise of rights guaranteed to her by the United States and Pennsylvania Constitutions.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

**COUNT FIVE**
**TITLE IX VIOLATIONS**
**20 U.S.C. § 1681**
**PLAINTIFF v. DEFENDANT COLLEGE**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Defendant College is an "Educational institution" as that term is defined in 20 U.S.C. § 1681.

45.     Defendant College acted with deliberate indifference to the sexual harassment and sexual discrimination to which Plaintiff was subjected as aforesaid .

46.     The harassment to which Plaintiff was subjected was severe enough to effectively bar Plaintiff from access to educational opportunities or benefits.

47.     Defendant College's deliberate indifference caused the harassment to which Plaintiff was subjected and made Plaintiff more vulnerable thereto.

        WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## COUNT SIX
## FAMILY EDUCATIONAL AND PRIVACY RIGHTS (FERPA) VIOLATIONS
## PLAINTIFF v. DEFENDANT COLLEGE

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     At all times relevant herein, Plaintiff was a "student" as that term is defined in 20 U.S.C. § 1232(g).

50.     At all times relevant hereto, Defendant was an "educational agency or institution" as that term is defined in 20 U.S.C. § 1232(g).

51.     Defendant College improperly released and disclosed education records, directory information, and other personal and confidential information of Plaintiff without her consent.

        WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## COUNT SEVEN
## SEXUAL HARASSMENT AND DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT
## PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT FOLLETT

52.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53.     The actions of Defendant Follett and Defendant College as aforesaid, in harassing and discriminating against Plaintiff based upon her sex, also violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 959 *et. seq.*

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## COUNT EIGHT
## PENNSYLVANIA HUMAN RELATIONS ACT
## AIDING AND ABETTING
## PLAINTIFF v. DEFENDANT DAVENPORT

54.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55.     The actions of Defendant Davenport as aforesaid constituted the aiding, abetting, inciting, compelling or coercing the doing of acts considered to be discriminatory.

56.     Defendant Davenport's actions as aforesaid caused Plaintiff to suffer loss of earnings and earning power, severe emotional distress, pain and suffering, and loss of self-esteem, and other damages as set forth herein.

57.     The actions of Defendant Davenport as aforesaid violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 959 *et. seq.*

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## COUNT NINE
## INTRUSION UPON SECLUSION - INVASION OF PRIVACY
## PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT DAVENPORT

58.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59.     Defendant College and Defendant Davenport willfully and maliciously disseminated private information regarding Plaintiff to non-privileged persons.

60.     The intrusion of Plaintiff's private affairs and dissemination to non-privileged parties of said information was highly offensive to Plaintiff and would be highly offensive to a reasonable person of ordinary sensibilities.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## COUNT TEN
## PUBLIC DISCLOSURE OF PRIVATE FACTS - INVASION OF PRIVACY
## PLAINTIFF v. DEFENDANT COLLEGE AND DEFENDANT DAVENPORT

61.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62.     Defendant College and Defendant Davenport breached their confidential relationship with Plaintiff by disclosing personal information to non-privileged parties.

63.     At all times relevant herein, Defendant College and Defendant Davenport had an affirmative duty to keep Plaintiff's personal information confidential.

64.     At all times relevant herein, Defendant College and Defendant Davenport released confidential information of and concerning Plaintiff that directly harmed Plaintiff in the aforementioned ways.

65.     Defendants' unprivileged release of Plaintiff's personal information was highly offensive to Plaintiff and would offend a reasonable person of ordinary sensibilities.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## COUNT ELEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF v. ALL DEFENDANTS

66.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67.     In intentionally and willfully engaging in the foregoing acts of sexual harassment, retaliation, and invasion of privacy against Plaintiff, Defendants intentionally inflicted severe emotional distress upon Plaintiff, causing physical, mental and other impacts upon Plaintiff.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra.*

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants and that it enter an Order providing that:

A.     Defendant College and Defendant Follett are to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, as amended, the Pennsylvania Human Relations Act, and other applicable federal and state law;

B.     Defendant College and Defendant Follett are to promulgate and adhere to a policy prohibiting retaliation for Title VII and PHRA - protected activity, gender discrimination, and sexual harassment;

C.     Defendant College and Defendant Follett are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for their illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions of Defendant College, Defendant Follett, and Defendant Davenport;

E.      Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant College, Defendant Follett, and Defendant Davenport for their willful, deliberate, malicious, and outrageous conduct and to deter them and/or other persons or entities from engaging in such misconduct in the future;

F.      Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H.      Any verdict in favor of Plaintiff is to be judicially molded to provide Plaintiff the maximum financial recovery in light of the damage caps set forth in 42 U.S.C. § 1981a, as mandated by the decision of the Third Circuit Court of Appeals in *Gagliardo v. Connaught Laboratories,* 311 F.3d 565, 570-71 (3d Cir. 2002);

I.      Plaintiff be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendants do not engage – or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

J.      That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

K.      Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN & ASSOCIATES

BY: _____
Wayne A. Ely
Timothy M. Kolman
Attorney for Plaintiffs
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

February 28, 2005